UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHWIN NANDA

    Plaintiff,                      No. C 13-0390 PJH

    v.                               **ORDER GRANTING MOTION TO REMAND**

WESTERN DENTAL SERVICES

    Defendants.
_____/

        Plaintiff's motion for remand came on for hearing on September 18, 2013, before this court. Plaintiff Ashwin Nanda appeared pro se, and defendants Western Dental Services, Inc., Abdullah Munsaf, and Andre Azarinfar appeared by their counsel, Douglas Barritt. Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for the following reasons.

## BACKGROUND

        This is an employment case. Plaintiff filed suit in San Francisco County Superior Court on September 4, 2012, using a form complaint which asserted claims for "wrongful termination in violation of Title VII of the Civil Rights Act of 1964" and "pervasive and continued harassment with discrimination." Plaintiff did not serve the complaint on defendants until January 2, 2013, and defendants removed the case to federal court (based on federal question jurisdiction) on January 28, 2013. This is case no. 13-0390, and it is the subject of this motion.

        Two days after filing the now-removed case in state court, plaintiff also filed a complaint directly in federal court. Specifically, on September 6, 2012, plaintiff filed a complaint in this court appearing to assert claims under Title VII for discrimination based on race, religion, sex, national origin, and age. The federal complaint (case no. 12-4654) also made reference to false accusations, professional defamation, anguish, anxiety, financial

hardships, unequal employment, and retaliation.

After defendants removed this case (no. 13-0390), they filed a motion to relate the two cases. Judge Corley (who had been assigned case no. 12-4654) granted the motion and ordered the cases related on March 1, 2013.

While the motion to relate cases was pending, plaintiff filed a motion to remand the removed case. On May 1, 2013, the court held a hearing on the pending motions. At the hearing, plaintiff indicated his intention to file a first amended complaint in case no. 13-0390, alleging only violations of state law. Plaintiff also stated his intention to dismiss case no. 12-4654.

On July 31, 2013, plaintiff filed his first amended complaint for case no. 13-0390. As promised, plaintiff no longer alleged any violations of federal law. At a hearing on September 18, 2013, plaintiff and defendants stipulated to dismiss case no. 12-4654 with prejudice.

Plaintiff now moves for remand of case no. 13-0390, while defendants move for its dismissal.

**DISCUSSION**

A.  Legal Standard

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Accordingly, a court's determination of jurisdiction must generally precede its examination of the merits of a case. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. After removal, a plaintiff may petition to have a case remanded to the state court from which it was removed. 28 U.S.C. § 1447(c). Upon a plaintiff's petition, remand is mandatory when, at the time of removal, a case's complaint fails to establish a basis for federal jurisdiction over any claims. 28 U.S.C.

2

§ 1447(c); <u>Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.</u>, 159 F.3d 1209, 1213 (9th Cir. 1998).   In contrast, remand is discretionary when it is a post-removal occurrence that eliminates the original basis for federal jurisdiction.  28 U.S.C. § 1367(c); <u>Albingia Versicherungs A.G. v. Schenker International, Inc.</u>, 344 F.3d 931, 938-39 (9th Cir. 2003) <u>opinion amended on other grounds</u>, 350 F.3d 916 (9th Cir. 2003); <u>Sparta</u>, 159 F.3d at 1213.

"The objectives of economy, convenience and fairness . . . and comity" bear upon whether a court should retain jurisdiction where it has discretion to do so.  <u>Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscapes and Maintenance, Inc.</u>, 333 F.3d 923, 925 (9th Cir. 2003).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988).

B.   Plaintiff's Motion for Remand

This litigation has undergone two changes recently that militate in favor of granting the motion to remand.

First, plaintiff has filed an amended complaint dropping all federal claims in case no. 13-0390.  When defendants removed case no. 13-0390 to this court in January of this year, there was a Title VII discrimination claim pending.  The Title VII claim provided this court federal question jurisdiction and the basis by which it might adjudicate the rest of the case pursuant to supplemental jurisdiction.  When plaintiff filed an amended complaint in July of this year asserting only state law causes of action, the federal question this court was to resolve disappeared.

It is true that, because the federal question's disappearance post-dated removal, this court retains discretion to continue to exercise supplemental jurisdiction.  See <u>Albingia</u>, 344 F.3d at 938-39; <u>Sparta</u>, 159 F.3d at 1213.  But the objectives of economy, convenience, fairness, and comity inform this discretion.  See <u>Trustees of Construction Industry</u>, 333 F.3d at 925.  Now that plaintiff asserts only claims based in California state law in this case,

3

comity supports allowing a California state court to adjudicate those claims. Moreover, remand is a fair outcome for a plaintiff who has dropped all his federal law claims in an effort to get back to state court.

The second change occurred at the hearing on September 18, 2013 when the parties stipulated to dismiss with prejudice case no. 12-4654. This change bears on whether it would serve economy and convenience for this court to retain jurisdiction. Defendants previously persuasively argued that permitting two cases concerning the same facts and same parties to proceed contemporaneously with one in federal court and the other in state court would be inefficient and inconvenient. But the dismissal of case no. 12-4654 renders this argument moot. Economy and convenience no longer support this court retaining jurisdiction.

In sum, plaintiff now has a single case that alleges claims derived purely from state law. The court respects plaintiff's wish to litigate in state court, and respects that California state courts are well-suited to apply California law. There is now nothing to separate this case from the usual case in which all federal law claims disappear before trial. Remand is therefore appropriate. See Carnegie-Mellon, 484 U.S. at n. 7.

## CONCLUSION

For the forgoing reasons, the court hereby GRANTS petitioner's motion for remand. Accordingly, the court finds no occasion to consider defendants' motion to dismiss, and it is terminated in light of this order. The Clerk shall remand this case to the Superior Court of the City and County of San Francisco.

**IT IS SO ORDERED.**

Dated: September 19, 2013

PHYLLIS J. HAMILTON
United States District Judge